Dissenting Opinion.
Spencer, J.
Article 245 O. P. of 1870 requires the plaintiff in attachment “ to annex to his petition his obligation in favor of the defendant, *690 for a sum exceeding one half that ivhioh he claims.” To my mind this language is absolutely free from ambiguity. Grammatical rules make the participle exceeding take as its object the words one half. What is the bond to exceed ? “ One half that which he claims!” No other sense can be given these words, without interpolation or transposition. Now as I take it, courts have no such authority, where the words used have a plain and obvious meaning, and do not lead to absurd conclusions. I think that the experience of every practising attorney will bear me out in saying that there is not one attachment in a thousand where the damages awarded exceed one half of the debt claimed ; and that the rule requiring a bond to exceed by half, the debt, is an onerous and unnecessary exaction from litigants.
In 1868 (see acts of that year No. 125) the Legislature re-enacted article 575 of the Code of Practice, relative to appeals, and provided that for suspensive appeal, appellant should give bond “fora sum exceeding one half the amount for which the judgment was given.” It will be seen that the language here is identical with that under consideration. By interpolation of the word “ by,” or by transposing the words one half to the end of the sentence, the clause would require a bond one and a half times greater than the debt. In Denton vs. Reading, 22 An. 607, this court had the meaning of these words under consideration, and said: “ But under the provisions of the act of September 29,1868, the bond is required to exceed one half the amount of the judgment. We find the law so written, and see no grounds to authorize us to give it a different interpretation.” And the court held an appeal bond for one half the amount of the debt good. Had-it not been for the French text of the old Code of Practice, I am satisfied no court would have dreamed of interpreting these words, as they were interpreted. But the Code of Practice has been revised and re-enacted. In every edition of the Code of 1825, published after this court interpolated into the English text the word “ by,” that word was inserted in brackets in article 245. And the fact that in the revisal of 1870 the word was left out, shows that it was intentional. The lawyers (if not the legislators) who did the work of revision, knew that that word should be inserted to conform it to the jurisprudence. It was not done. The omission to do so was manifestly intentional. The case in 29 An. referred to does not decide the question, and what is there said was obiter. The bond was in that case nearly double the debt sued for. In many districts of this State the article as it now stands has been uniformly interpreted as meaning one half of the debt; and as that interpretation would prejudice no one, whilst that now adopted will be ruinous in its effects upon the rights of many litigants in pending suits, we should hesitate long before inflicting this unnecessary injury, more especially when we have to tor *691 ture the law, by transposition or interpolation, to bring it into harmony with our conclusions. I cannot bring myself to assent to this result. The words of the law, the reason of the law, the interest of litigants, ■all forbid me. I therefore dissent from the opinion and decree in this «ase.